IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CATHY CANO                                                                    PLAINTIFF

          v.                                     Civil No. 13-2101

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Cathy Cano, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Titles II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff applied for DIB on October 22, 2010. (Tr. 28.) Plaintiff alleged an onset date of May 5, 2010 due to carpal tunnel syndrome and possible Raynaud's disease. (Tr. 28, 201.) Plaintiff's application was initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on September 20, 2011 in front of Administrative Law Judge ("ALJ") Glenn A. Neel. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Floyd John Massey. (Tr. 65.)

At the time of the administrative hearing, Plaintiff was 35 years old, and possessed a ninth grade education, special education track. The Plaintiff had past relevant work experience ("PRW") of convenience store cashier II, poultry line worker, and poultry conveyor tender. (Tr. 37.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On February 9, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: "bilateral carpal tunnel syndrome-status post surgery, obesity, chronic neck and back pain secondary to a motor vehicle accident, major depressive disorder, probable somatoform pain disorder, verbal learning disorder, dependent personality traits and a history of methamphetamine dependence reportedly in sustained remission." (Tr. 30.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, except she cannot perform frequent, rapid, repetitive flexion/extension of her wrists bilaterally, and she can only occasionally climb ramps and stairs and can never climb ladders, ropes and scaffolds. She can only occasionally balance, stoop, kneel, crouch and crawl, and she is unable to perform overhead work. She can perform work where interpersonal contact is incidental to the work performed by rote with few variables and use of little judgment, and the supervision required is simple, direct, and concrete." (Tr. 33.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as cafeteria attendant and motel/hotel housekeeper. (Tr. 38.)

Plaintiff requested a review by the Appeals Council on February 22, 2012. (Tr. 22.) The Appeals Council declined review on March 12, 2013. (Tr. 1.)

## II. Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent

2

positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises two issues in her appeal: 1) that the ALJ erred in his credibility analysis by failing to apply the *Polaski* factors; and 2) that there is an inherent incongruity between the ALJ's Step 2 and Step 5 findings. (Pl.'s Br. 13-14.)

In determining a claimant's RFC, "'the ALJ must first evaluate the claimant's credibility.'" *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). The ALJ must consider several factors when evaluating a claimant's subjective complaints of pain, including claimant's prior work record, observations by third parties, and observations of treating and examining physicians relating to 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Casey*, 503 F.3d 687, 695 (8th Cir.2007) (citing *Polaski v. Heckler*, 729 F.2d 1320, 1322 (8th Cir.1984). In discrediting a claimant's subjective complaints, an ALJ is required to consider all available evidence on the record as a whole and is required to make an express credibility determination. *Lowe v. Apfel,* 226 F.3d 969, 971 (8th Cir. 2000). However, the ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004). An ALJ's decision to discredit a claimant's credibility is entitled to deference when the ALJ provides "good reason for doing so." *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001.)

In this case, the ALJ provided multiple good reasons for discrediting Plaintiff's allegations: 1) nerve conduction studies by treating physicians showing that Plaintiff's carpal tunnel syndrome has been resolved with surgery in both hands, 2) significant gaps in Plaintiff's treatment history for physical issues; 3) failure to seek treatment for mental issues; 4) no evidence that she has been turned down for treatment due to financial reasons; 5) failure to complete treatment even when that treatment was paid for by another party; 6) no permanent physical limitations assigned by her treating physicians; and 7) a sporadic work history prior to her alleged disability onset. (Tr. 32-36.)

All of these points are well-settled reasons for discrediting a claimant's subjective allegations in the Eighth Circuit. *See e.g.Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir.2012) ( "If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Wildman v. Astrue*, 596

4

F.3d 959, 968-69 (8th Cir. 2010) (ALJ may consider a claimant's sporadic work history when determining credibility); *Raney v. Barnhart,* 396 F.3d 1007, 1010 (8th Cir. 2005) (none of the claimant's treating physicians opined the claimant was so impaired or disabled that the claimant could not work at any job); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.1995) (failure to seek medical treatment may be inconsistent with a finding of disability"); *Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992).( a lack of evidence that the claimant attempted to find any low cost or no cost medical treatment for her alleged pain and disability is inconsistent with a claim of disabling pain).

After the ALJ's decision was issued, Plaintiff submitted medical records from Western Arkansas Counseling and Guidance Center at CHMC - Fort Smith. (Tr. 6-17.) Plaintiff presented on June 14, 2012 because "she has been on depression meds prescribed by the Indian Clinic in Sallisaw and now she has no way to go over there and needs to be back on meds. She has also applied for SSI and it is in appeal at this time and the SSI staff suggested she seek counseling." (Tr. 6.) Her diagnosis was Depressive Disorder, NOS. (Tr. 9.) Her treatment plan indicated individual therapy and pharmacologic management. (Tr. 9.)The records indicate that she "did not make a therapy appointment" due to "financial issues." She did make an appointment to begin medication management, and there is one further appointment notation for July 11, 2012. (Tr. 16.)  However, this Court could find no evidence of any further appointments. Nor is there any evidence of a prescription for psychotropic medication. The failure to follow through on appointments, the timing of this appointment, and the statements concerning SSI, all further support the ALJ's credibility analysis. *See e.g. Shannon,* 54 F.3d at 486 (claimant's credibility suffered due to the fact that his "encounters with doctors appear[ed] to be linked primarily to his quest to obtain benefits, rather than to obtain medical treatment.").

This Court agrees that there is an apparent  incongruity between one of the occupations listed in Step 5 and the ALJ's Step 2 findings. At Step 2, the ALJ found that, in addition to her carpal tunnel limitations, the Plaintiff  "can only occasionally balance, stoop, kneel, crouch and crawl." (Tr. 33.)

5

AO72A
(Rev. 8/82)

However, at Step 5, he accepted a recommendation from the VE that the Plaintiff could perform work as a motel/hotel housekeeper, DOT No. 323.687-014. (Tr. 38.) A review of that DOT job description indicates that this position must, among other things, make beds, roll carpets, and perform other cleaning duties such as collecting trash. http://www.occupationalinfo.org/32/323687014.html. It is not apparent to this Court how these tasks may be performed without frequent stooping. The ALJ did not resolve this conflict with the VE. *See Jones ex rel Morris v. Barnhart,* 315 F.3d 974, 979 (8th Cir. 2003) (an ALJ cannot rely on expert testimony that conflicts with the job classifications in the DOT); SSR 00-4p (before relying on VE evidence, the ALJ must obtain a reasonable explanation for any conflicts between that evidence and the DOT.)

However, the other Step 5 occupation of cafeteria attendant ( DOT 311.677-010 ) does not raise the same incongruity concerns and further lists 1,700 of these jobs in Arkansas. Therefore, the acceptance of the cleaning position by the ALJ, without further questioning of the VE about the apparent conflict, was harmless error. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [the Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred.") Nor is it problematic that this error leaves the Plaintiff with only one occupational area to pursue. *See e.g.* SSR 86-8: Titles II and XVI: The Sequential Evaluation Process (a finding of not disabled is appropriate if a claimant has the capacity to do other work "in one or more occupations" with significant numbers of jobs in the national economy); *Hakes v. Astrue*, 383 Fed. Appx. 581, 582 (8th Cir. 2010) (ALJ properly relied upon VE's answer to hypothetical even though the VE identified only one occupation that claimant could perform.).

### IV.    Conclusion

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decisions, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 23rd day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)